## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

RAMILABEN D. PATEL,
A240 340 702,

      Petitioner,

      v.

DAVID O'NEILL, Acting Field
Office Director of Enforcement and
Removal Operations, Philadelphia
Field Office, Immigration and
Customs Enforcement, et al.,

      Respondents.

CIVIL ACTION NO. 3:25-cv-02181

(SAPORITO, J.)

## ORDER

Now before the court is a report and recommendation by United States Magistrate Judge Sean A. Camoni, in which he recommends that the petitioner's § 2241 habeas petition (Doc. 1) be granted. Doc. 11. In support of this recommendation, Judge Camoni finds that this court may properly exercise subject matter jurisdiction over the instant habeas petition, that exhaustion of administrative remedies by the petitioner should be excused as futile, and that the petitioner's continued and indefinite detention under 8 U.S.C. § 1225(b)(2) is unlawful as she may only be properly detained under 8 U.S.C. § 1226(a), in which case she is

entitled to an individualized bond hearing. *See id.*

The respondent has conceded with respect to the issues of jurisdiction, *see* Doc. 14, and administrative exhaustion, *see* Doc. 15, at 1 n.1; Doc. 16, at 1 n.1. But she has filed objections to Judge Camoni's report and recommendation, contesting Judge Camoni's statutory analysis on the merits of the petition. Doc. 15; Doc. 16. We have conducted a de novo review of the contested portions of the report, but we find the respondent's objections to be unpersuasive and without merit. *See Hayat v. O'Neill*, No. 3:25-cv-02416, 2026 WL 561200, at *6–7 (M.D. Pa. Feb. 27, 2026); *Diaz Aparicio v. Lowe*, No. 3:25-cv-02413, 2026 WL 526702, at *6–8 (M.D. Pa. Feb. 25, 2026). *See generally* 28 U.S.C. § 636(b)(1); *United States v. McLaughlin*, 607 F. Supp. 3d 522, 529 (M.D. Pa. 2022).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Camoni's analysis to be well-reasoned and well-supported by the record and applicable law, and we find the respondent's specific objections

to be without merit. With respect to the parties' arguments on the merits, the court will adopt the report and recommendation as the decision of the court, but we decline to adopt it with respect to the recommended remedy.

Instead, we find that § 1226(a), not § 1225(b)(1)(A), applies to the detention of Patel. We find that she is no longer seeking admission into the United States—at the time of her arrest and detention, she was not actively attempting to come into the United States at a border or port of entry. Rather, she is already here, having resided within the United States for an extended period of time—nearly two-and-a-half years at the time of her arrest and detention. *See Hayat*, 2026 WL 561200, at *7; *Diaz Aparicio*, 2026 WL 526702, at *8. Thus, Patel may only be properly detained pursuant to § 1226(a), and therefore she is entitled to a bond hearing, rather than an order directing her release outright. *See Hayat*, 2026 WL 561200, at *7; *Diaz Aparicio*, 2026 WL 526702, at *8.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.    The report and recommendation of Judge Camoni (Doc. 11) is **ADOPTED in part and NOT ADOPTED in part**;

2.    The petition (Doc. 1) is **GRANTED**;

2.    The government shall either provide Patel with an

individualized bond hearing **within twenty-one (21) days** after entry of this order or release Patel on her own recognizance, pursuant to 8 U.S.C. § 1226(a);

3. At this individualized bond hearing, the government shall bear the burden of proving by clear and convincing evidence that the petitioner's continued detention is necessary to prevent her from fleeing or harming the community;

4. The parties shall file a written notice of the outcome of this individualized bond determination by an immigration judge **within seven (7) days** after the date of the hearing; and

5. The clerk is directed to mark this case as **CLOSED**.

Dated: March 10, 2026        *s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

- 4 -